IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS DIXON                          )
                                      )          No. 3:13-0326
v.                                    )
                                      )
WAL-MART STORES EAST, LP              )

## MEMORANDUM

Plaintiff Thomas Dixon (the "Plaintiff") filed a Motion to Reinstate Case (Docket Entry No. 24) and Defendant Wal-Mart Stores East, LP (the "Defendant") filed a Response in Opposition to Plaintiff's Motion to Reinstate Case (Docket Entry No. 25).  For the reasons stated herein, the Court denies Plaintiff's motion.

## RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This case originated as a complaint filed in the Circuit Court for Davidson County, Tennessee on March 15, 2013, for injuries Plaintiff allegedly suffered on March 29, 2012, while shopping at a Wal-Mart store owned and operated by Defendant.  Defendant removed the action to this Court on April 10, 2013 (Docket Entry No. 1), based on diversity.[1]  Upon consent of parties (Docket Entry No. 7), and by order entered on May 23, 2013, this action was referred to a United States Magistrate Judge to conduct all proceedings, including trial, the entry of a final judgment, and all post-trial proceedings, as provided in 28 U.S.C. § 636(c) and Fed. R. Civ. Pro. 73(b)(Docket Entry No. 8).

After pretrial proceedings, the case was set for trial on September 23, 2014.  *See* Case Management Order at Docket Entry No. 13.  On March 20, 2014, the parties filed a stipulation of

---

[1] The damages sought in the complaint exceeded $100,000, more that the federal jurisdictional requisite of $75,000.  *See* Docket Entry No. 1 at Exhibit B, p. 3.

dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (Docket Entry No. 22). On that same date, the Court entered an order dismissing this case and cancelling the scheduled pretrial conference and trial. *See* Order of March 20, 2014 at Docket Entry No. 23.

More than one year later, on April 21, 2015, Plaintiff filed a Motion to Reinstate Case (Docket Entry No. 24), seeking to reinstate the case "because the circumstances that prevented [Plaintiff] from prosecuting this case no longer exist." Plaintiff further stated that he requested reinstatement, rather than re-filing the case, because the "case was originally filed in state court but removed by the Defendant".[2] Plaintiff did not recite in his motion to any rule or statutory basis for the requested reinstatement. Nor did Plaintiff file a memorandum of law in support of his motion.

Defendant filed a timely response in opposition to Plaintiff's motion (Docket Entry No. 25). Defendant maintains that Plaintiff had one year under the Tennessee saving statute to refile his action and, because he failed to do so, no further relief is available.

## ANALYSIS

Under the plain language of Fed. R. Civ. P. 41, unless "the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).[3] Because the stipulation of dismissal submitted by the parties on March 20, 2014, did not state otherwise, the dismissal was without prejudice. *See* Docket Entry No. 22. Still, Plaintiff must show some basis for relief, which he cannot do.

As noted, Plaintiff did not offer any statutory or other basis allowing a right or remedy of "reinstatement" of a case. A voluntary dismissal without prejudice "leaves the situation as if the

---

[2] Plaintiff did not file a memorandum of law in support of the Motion to Reinstate Case. *See* L.R. 7.01(a). Nor did Plaintiff's motion provide any authority in support of the requested relief.

[3] Exceptions to this rule include circumstances that do not appear from the record to exist in this case.

action had never been filed". *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993)(citations omitted). There is therefore no "case" to reinstate.[4]

To the extent that Plaintiff seeks to set aside the stipulation of dismissal, no such relief is available either. A voluntary dismissal under Rule 41(a)(1)(A)(ii) may be set aside only in rare and exceptional circumstances. *See e.g. Li v. Recellular, Inc.*, 2010 WL 1526379 at *2-5 (E.D. Mich. 2010).[5] One such extraordinary circumstance is where there is a need to look behind the stipulation of dismissal to safeguard the interests of parties entitled to the court's special protection. *Green v. Nevers*, 111 F.3d 1295, 1300-01 (6th Cir. 1997) cert. denied, 522 U.S. 996, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Those circumstances do not exist here.

The additional exception to the finality of a Rule 41 stipulation of dismissal is if the dismissal was not truly voluntary, in which case relief may, under limited circumstances, be available under Rule 60(b). *See Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001). To render a dismissal involuntary, a court must find that a defendant created coercive conditions that negated a plaintiff's ability to make a free choice in the matter. *Li v. Recellular, Inc.*, 2010 WL 1526379 at *4 (citations omitted). Because relief under Rule 60(b) is contrary to strong public policy favoring finality of judgments and termination of litigation, the party seeking relief bears the burden of establishing the grounds by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)(internal quotations and citations omitted). To the extent that Rule 60(b) is available at all, Plaintiff has neither offered

---

[4] Nor could Plaintiff's motion be treated as a new complaint because the alleged injuries occurred on March 29, 2012, and the statute of limitations for bringing an action has long since passed. *See* Tenn. Code Ann. § 28-3-104(a)(1)(personal tort actions, including for injuries to the person, must be brought within one year after the injuries).

[5] This case and the following authority on exceptions to Rule 41 discuss dismissals **with** prejudice under Rule 41(a)(1)(A)(ii), which makes sense, given the bright line rule that a dismissal without prejudice, which is what occurred in this case, puts the parties back in the same situation as if the action had never been filed. Nevertheless, the Court refers to this authority as additional support for its holding that there is no theory upon which Plaintiff's requested relief can be granted.

nor shown any such extraordinary circumstances, and certainly not by clear and convincing evidence.

Finally, the Court agrees with Defendant that it must apply applicable substantive state law in this case, and, specifically, the Tennessee savings statute. *Agricultural Services Ass'n v. Ferry-Morris Seed Co., Inc.*, 551 F.2d 1057, 1063 (6th Cir. 1977). Because the stipulation of dismissal under Rule 41(a)(1)(A)(ii) was without prejudice, under Tennessee law, Plaintiff had one year to refile his action. Tenn. Code Ann. § 28-1-105. That includes to "reinstate" his action by motion. *See e.g. Frazier v. East Tenn. Baptist Hosp., Inc.*, 55 S.W.3d 925, 928-29 (Tenn. 2001)(definition of "action" for purposes of the savings statute includes the filing of a motion to amend and a proposed amended complaint). Plaintiff failed to renew his action within the one year afforded to diligent plaintiffs by the Tennessee savings statute.

## CONCLUSION

For all the reasons stated, Plaintiff's Motion to Reinstate Case (Docket Entry No. 24) will be denied.

_____
BARBARA D. HOLMES
United States Magistrate Judge